1   IGNACIA S. MORENO
    Assistant Attorney General
2
    KRISTOFOR R. SWANSON
3   Colorado Bar No. 39378
    Tel: 202-305-0248
4   kristofor.swanson@usdoj.gov
    J. NATHANAEL WATSON
5   Georgia Bar No. 212038
    Tel: 202-305-0475
6   joseph.watson@usdoj.gov
    Trial Attorneys
7   U.S. Department of Justice
    Environment & Natural Resources Division
8   Natural Resources Section
    P.O. Box 663
9   Washington, DC 20044-0663

10  *Attorneys for the United States of America*

11              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF ARIZONA
12  _____
                                        )
13  GILA RIVER INDIAN COMMUNITY,        )
                                        )
14          *Plaintiff,*                )
                                        )
15  *v.*                                )        Case No.: CV 10-1993-DGC
                                        )
16  UNITED STATES OF AMERICA;           )
    THE UNITED STATES DEPARTMENT        )        **ANSWER**
17  OF THE INTERIOR; KENNETH L.         )
    SALAZAR, in his official capacity as )
18  United States Secretary of the Interior; )
    and LARRY ECHO HAWK, in his         )
19  official capacity as the Assistant  )
    Secretary for Indian Affairs of the )
20  United States Department of the Interior, )
                                        )
21          *Defendants.*               )
                                        )
22  _____)
                                        )
23  CITY OF GLENDALE, ARIZONA,          )        Case No.: CV 10-2017-DGC
                                        )
24          *Plaintiff,*                )
                                        )
25  *v.*                                )
                                        )
26  UNITED STATES OF AMERICA;           )
    THE UNITED STATES DEPARTMENT        )
27  OF THE INTERIOR; KENNETH L.         )
    SALAZAR, in his official capacity as )
28  United States Secretary of the Interior; )
                                        )
            *Defendants.*               )
    _____)

Defendants United States of America; the United States Department of the Interior; Kenneth L. Salazar, in his official capacity as United States Secretary of the Interior; and Larry Echo Hawk, in his official capacity as Secretary for Indian Affairs of the United States Department of the Interior; collectively the United States, hereby respond to Plaintiff Gila River Indian Community's Complaint (Dkt. No. 1 in Case No. 10-1993-DGC). The numbered paragraphs below correspond to the numbered paragraphs in Plaintiff's Complaint.  The United States denies all allegations not expressly denied, admitted, or modified.

1.      The United States admits that Plaintiff purports to seek relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706, but denies that Plaintiff is entitled to any relief or that Plaintiff has stated a claim for which relief may be granted.   The remaining allegations in Paragraph 1 are Plaintiff's characterization of this action, to which no response is required.

2.      The allegations in Paragraph 2 are conclusions of law and do not require a response.  To the extent a response is required, the United States denies the allegations.

3.      The allegations in Paragraph 3 purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that statute, they are denied.

4.      The allegations in Paragraph 4 purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that statute, they are denied.

5.      The allegations in the first sentence of Paragraph 5 purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that statute, they are denied.  As to the allegations contained in the second sentence of Paragraph 5, the United States denies that it abetted a scheme to circumvent federal law.  The remaining allegations in the second sentence of Paragraph 5 purport to characterize the Tohono O'odham Nation's intent, for which the United States lacks sufficient knowledge or information, and state conclusions of law, which require no response.  To the extent a response is required, the allegations in the second sentence of Paragraph 5 are

1    denied.

2        6.      Admitted.

3        7.      The United States denies that the parcel of land is located in Glendale, Arizona,

4    but admits the remaining allegations in Paragraph 7.

5        8.      The United States admits that in January 2009 the Nation requested that the

6    Department of the Interior accept the Property into trust and issue a determination finding the

7    land eligible for gaming under the Indian Gaming Regulatory Act.  The remaining allegations in

8    Paragraph 8 are conclusions of law and do not require a response.  To the extent that a response

9    is required, the United States denies the allegations.

10       9.      The allegations in Paragraph 9 purport to characterize a July 17, 2009, letter from

11   the Nation's chairman to officials at the Department of the Interior, which speaks for itself and is

12   the best evidence of its contents.   To the extent the allegations are inconsistent with that letter,

13   the United States denies the allegations.

14       10.     Admitted.

15       11.     The United States admits that on July 23, 2010, the Secretary issued a decision,

16   pursuant to the Gila Bend Indian Reservation Lands Replacement Act, P.L. 99-503, 100 Stat.

17   1798 (1986) (the "Gila Bend Act"), that he would accept trust title to the portion of the Property

18   known as Parcel 2.  The remaining allegations in Paragraph 11 purport to characterize that

19   decision, which speaks for itself and is the best evidence of its contents.  To the extent the

20   allegations are inconsistent with that decision, they are denied.

21       12.     The allegations in Paragraph 12 are conclusions of law and do not require a

22   response.  To the extent that a response is required, the United States denies the allegations.

23       13.     The allegations in Paragraph 13 are Plaintiff's characterization of the complaint,

24   and no response is required.  To the extent a response is required, the United States denies the

25   allegations and denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

26       14.     Admitted.

27       15.     Admitted.

28       16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     The allegations in Paragraph 19 are conclusions of law and do not require a response.  To the extent a response is required, the United States denies the allegations.

20.     The allegations in Paragraph 20 are conclusions of law and do not require a response.  To the extent a response is required, the United States denies the allegations.

21.     The allegations in Paragraph 21 are conclusions of law and do not require a response.  To the extent a response is required, the United States admits that the July 23 decision letter is a final agency action.

22.     The allegations in Paragraph 22 are conclusions of law and do not require a response.  To the extent a response is required, the United States admits that venue is proper in the District of Arizona.

23.     The allegations in Paragraph 23 purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that statute, they are denied.

24.     Admitted.

25.     The allegations in Paragraph 25 purport to characterize a federal statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that statute, they are denied.

26.     The allegations in Paragraph 26 purport to characterize federal regulations and policies, which speaks for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those regulations and policies, they are denied.

27.     The United States admits that two commissioners of the National Indian Gaming Commission are appointed by the Secretary.  The remaining allegations in Paragraph 27 are conclusions of law and do not require a response.  To the extent a response is required, the United States denies the allegations.

28.     The United States admits that Interior and the NIGC have entered a Memorandum of Understanding (MOU).  The remaining allegations in Paragraph 28 purport to characterize

that MOU, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that MOU, the United States denies the allegations.

29.     The allegations in Paragraph 29 are conclusions of law and do not require a response.  To the extent a response is required, the allegations are denied.

30.     The allegations in Paragraph 30 characterize the Flood Control Act, Pub. L. No. 81-516, 64 Stat. 163, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Flood Control Act, the United States denies the allegations.

31.     The allegations in Paragraph 31 characterize a portion of H. Rep. No. 99-851 (1986), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with H. Rep. No. 99-851, the United States denies the allegations.

32.     The allegations in Paragraph 32 characterize a portion of H. Rep. No. 99-851 (1986), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with H. Rep. No. 99-851, the United States denies the allegations.

33.     The allegations in Paragraph 33 characterize a portion of H. Rep. No. 99-851 (1986), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with H. Rep. No. 99-851, the United States denies the allegations.

34.     The allegations in Paragraph 34 characterize a portion of H. Rep. No. 99-851 (1986), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with H. Rep. No. 99-851, the United States denies the allegations.

35.     The allegations in Paragraph 35 characterize a portion of H. Rep. No. 99-851 (1986), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with H. Rep. No. 99-851, the United States denies the allegations.

36.     The allegations in Paragraph 36 purport to characterize the Gila Bend Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Gila Bend Act, the United States denies the allegations.

37.     The allegations in Paragraph 37 purport to characterize the Gila Bend Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are

inconsistent with the Gila Bend Act, the United States denies the allegations.

38.     The allegations in Paragraph 38 purport to characterize the Gila Bend Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Gila Bend Act, the United States denies the allegations.

39.     The allegations in Paragraph 39 purport to characterize the Gila Bend Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Gila Bend Act, the United States denies the allegations.

40.     The United States admits that the Nation purchased approximately 135 acres of land – the Property – near 91st and Northern Avenues and that Parcel 2 is part of the Property. The United States denies that Parcel 2 is in Glendale, Arizona.  The United States lacks sufficient knowledge or information to form a belief as to whether the remaining portion of the Property is in Glendale, Arizona, and avers that the issue is being litigated in Arizona State Court by the Nation.  Tohono O'odham Nation v. City of Glendale, No. 2009-023501, slip op. (Ariz. Superior Ct., Mar. 9, 2010).

41.     Admitted.

42.     Admitted.

43.     The allegations in Paragraph 43 purport to characterize Resolution 09-049, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the resolution, the United States denies the allegations.

44.     Admitted.

45.     The allegations in Paragraph 45 purport to characterize the Nation's application letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the letter, the United States denies the allegations.

46.     The allegations in Paragraph 46 purport to characterize the Nation's application letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the letter, the United States denies the allegations.

47.     Admitted.

48.     The allegations in the first sentence of Paragraph 48 purport to characterize the

Nation's July 17, 2009, letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the letter, the United States denies the allegations. The United States lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the second sentence of Paragraph 48, and the United States therefore denies the allegations.

49.     Denied.

50.     Admitted.

51.     The United States admits that the Nation modified its application in a March 12, 2010, letter to the Department of the Interior and that Parcel 2 consists of approximately 53.54 acres of the 134.88-acre property.  The remaining allegations contained in Paragraph 51 purport to characterize that letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that letter, the United States denies the allegations.

52.     Admitted.

53.     The allegations in Paragraph 53 characterize the order issued on June 22, 2010, by the United States District Court for the District of Columbia, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Order, the United States denies the allegations.

54.     The United States admits that the Secretary issued his decision regarding Parcel 2 on July 23, 2010, and the United States filed a status report notifying the United States District Court for the District of Columbia of that decision.  The United States denies the remaining allegations in Paragraph 54.

55.     Admitted.

56.     Admitted.

57.     Admitted.

58.     The United States admits that Plaintiff has accurately quoted from the Secretary's decision and that the decision does not address whether Parcel 2 is eligible for gaming under the Indian Gaming Regulatory Act.  The United States denies the remaining allegations in Paragraph 58.

59.     The allegations in first sentence of Paragraph 59 are conclusions of law and do not require a response.  To the extent a response is required, the United States denies the allegations.  The remaining allegations in Paragraph 59 purport to characterize federal regulations and policies, which speaks for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those regulations and policies, they are denied.

60.     Denied.

61.     The United States admits that Arizona voters adopted State Proposition 202.  The remaining allegations in the first sentence of Paragraph 61 purport to characterize State Proposition 202, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with State Proposition 202, the United States denies the allegations.  The United States lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the second sentence of Paragraph 61, and the allegations are therefore denied.

62.     Denied.

63.     The allegations in Paragraph 63 quote selectively from the Secretary's July 23, 2010, decision letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegation are inconsistent with that letter, the United States denies the allegations.

64.     The allegations in Paragraph 64 purport to characterize the Secretary's July 23, 2010, decision letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegation are inconsistent with that letter, the United States denies the allegations.

65.     The allegations in the first sentence, and first clause of the second sentence, of Paragraph 65 are conclusions of law, which require no response.  To the extent a response is required, the United States denies the allegations.  The United States denies the allegations in the second clause of the second sentence of Paragraph 65.

66.     The allegations in Paragraph 66 purport to characterize the Secretary's July 23, 2010, decision letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegation are inconsistent with that letter, the United States denies the allegations.

67.     Denied.

68.     The United States repeats and reasserts its responses to Paragraphs 1 through 68 as if fully set forth herein.

69.     The United States lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in the second sentence of Paragraph 69, and the allegations are therefore denied.

70.     Denied.

71.     The United States admits that it had knowledge that the Nation stated at various times that it intended to engage in gaming activities on Parcel 2, but denies the remaining allegations in Paragraph 71.

72.     The United States admits that Interior did not issue an Indian lands determination as part of its decision to take Parcel 2 into trust, but denies the remaining allegations in Paragraph 72.

73.     The allegations in Paragraph 73 are conclusions of law and do not require a response.  To the extent a response is required, the United States denies the allegations.

74.     Denied.

75.     Denied.

76.     The United States repeats and reasserts its responses to Paragraphs 1 through 75 as if fully set forth herein.

77.     The United States denies the allegations in the first sentence of Paragraph 77. The allegations in the second sentence of Paragraph 77 are conclusions of law and do not require a response.  To the extent a response is required, the United States denies the allegations.

78.     The allegations in Paragraph 78 are conclusions of law and do not require a response.  To the extent a response is required, the United States denies the allegations.

79.     Denied.

**PRAYER FOR RELIEF**

The remaining allegations in Plaintiff's Complaint constitute Plaintiff's requested relief, which requires no response.  To the extent a response is required, the United States denies Plaintiff is entitled to the requested relief or any relief whatsoever.

**AFFIRMATIVE DEFENSES**

1.      Plaintiff lacks standing for one or more of its claims.

2.      The Court lacks subject matter jurisdiction for one or more of Plaintiff's claims.

3.      Plaintiff, for one or more of its claims, has failed to state a claim upon which relief can be granted.

Respectfully submitted this 7th day of October 7, 2010,

IGNACIA S. MORENO
Assistant Attorney General

/s/ Joseph Nathanael Watson
KRISTOFOR R. SWANSON
Colorado Bar No. 39378
Tel: 202-305-0248
kristofor.swanson@usdoj.gov
J. NATHANAEL WATSON
Georgia Bar No. 212038
Tel: 202-305-0475
joseph.watson@usdoj.gov
Trial Attorneys
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663

1

2 **CERTIFICATE OF SERVICE**

3       I hereby certify that on the 7th day of October, 2010, I electronically filed the foregoing
document with the clerk of court by using the CM/ECF system which will send notice of
4 electronic filings to all counsel of record.

5 By:                                              /s/ Joseph Nathanael Watson
                                                    J. NATHANAEL WATSON
6                                                   Trial Attorney
                                                    Natural Resources Section
7                                                   Environment & Natural Resources Division
                                                    U.S. Department of Justice
8                                                   P.O. Box 663
                                                    Washington, DC 20044
9                                                   Fax: (202) 305-0267
                                                    Tel: (202) 305-0475
10                                                  joseph.watson@usdoj.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28