**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gila River Indian Community, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | No. CV10-1993 PHX-DGC<br>CV10-2017 PHX DKD<br>CV10-2138 PHX MHB<br><br>(Consolidated)<br><br>**ORDER** |

Scott Bundgaard seeks leave to intervene in this consolidated action under Rule 24 of the Federal Rules of Civil Procedure. Doc. 40. Defendant United States of America and Intervenor Tohono O'odham Nation ("the Nation") oppose his request. Docs. 45, 46. The motion is fully briefed. Docs. 40, 45, 46, 50. No party has requested oral argument.

The motion makes arguments similar to those made in the motion to intervene by Arizona Senator Russell Pearce. Doc. 24. The Court rejects the arguments for the reasons stated in denying Senator Pearce's motion. Doc. 47. Mr. Bundgaard is a former legislator (and, apparently, a new senator-elect), but he does not claim the right to speak on behalf of the State of Arizona. His interests as a taxpayer are insufficient for intervention as of right, as they were for Senator Pearce, and he has not established an independent basis for subject matter jurisdiction for purposes of permissive intervention. *Id.* The grounds upon which the Court denied Senator Pearce's request for permissive intervention apply here as well. *Id.*

Mr. Bundgaard makes an additional argument – that, as a City of Peoria property owner, he "faces injury because the Contemplated Development would have a negative and

1  far-reaching impact on public safety." Doc. 40.  While deleterious effects on one's safety
2  might constitute a protectable interest for purposes of Rule 24(a), an intervenor must
3  establish "direct, immediate, and harmful effects upon [the intervenor's] legally protectable
4  interests." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).  Mr.
5  Bundgaard has not shown that the Department of the Interior's decision regarding 54 acres
6  in the City of Glendale will have a direct, immediate, and harmful effect on public safety or
7  his individual safety in the City of Peoria.

**IT IS ORDERED** that Mr. Bundgaard's motion to intervene (Doc. 40) is **denied**.

DATED this 4th day of November, 2010.

_____
David G. Campbell
United States District Judge