**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gila River Indian Community, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | No.  CV10-1993 PHX-DGC<br>CV10-2017 PHX DKD<br>CV10-2138 PHX MHB<br><br>(Consolidated)<br><br>**ORDER** |

This order concerns two motions for intervention by leaders and members of the Arizona Legislature. Speaker of the House Kirk Adams, Majority Leader John McComish, Majority Whip Andy Tobin, and Senate Majority Leader Chuck Gray (collectively "Legislative Leaders") have moved to intervene as of right and permissively under Federal Rule of Civil Procedure 24. Doc. 52. Representatives Jerry Weirs, Michelle Reagan, John Kavanaugh, Rich Crandall, Jim Weiers, Nancy Barto, and Senators John Nelson, Thayer Verschoor, and Frank Antenori (collectively "Legislators") join the motion. *Id*. Senator Linda Gray ("Senator Gray") filed a separate motion for intervention. Doc. 54. Defendant United States and Intervenor Tohono O'Odham Nation ("the Nation") oppose the interventions. Docs. 67, 68. The motions have been fully briefed and the parties have not requested oral argument. For the reasons stated below, the Court will grant permissive intervention to the Legislative Leaders and deny intervention to the Legislators and Senator Gray.

## I. Introduction.

On July 23, 2010, the Department of the Interior ("DOI") decided to accept a 54-acre parcel of land in trust for the benefit of the Nation. Three separate groups of plaintiffs filed individual actions in federal court opposing the DOI decision, and the cases have been consolidated in this action. A previous motion to intervene by Senator Russell Pearce was denied by this Court. Doc. 47. To the extent the Legislators and Senator Gray make arguments similar to those of Senator Pearce, the Court rejects them for reasons stated in its previous order. *Id*. The Court also again denies the request to stay this case until the Arizona Legislature reconvenes. *See id*.

## II. Permissive Intervention.

Permissive intervention lies within the sound discretion of the Court. *See Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110-11 (9th Cir. 2002). A court may grant permissive intervention under Rule 24(b)(1)(B) where the proposed intervenor shows (1) independent grounds for jurisdiction, (2) that the motion is timely, and (3) that the intervenor's claim or defense and the main action have a question of law or fact in common. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009). The inquiry under the first element concerns subject matter jurisdiction: "[a] party seeking permissive intervention . . . must establish a basis for federal subject matter jurisdiction independent of the court's jurisdiction over the underlying action." *EEOC v. Nevada Resort Assoc.*, 792 F.2d 882, 886 (9th Cir. 1986).

### A. Legislative Leaders.

The Legislative Leaders argue that there is an independent basis for jurisdiction over their claims under 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706. Doc. 52 at 12. Their claims assert that the DOI violated the Gila Bend Indian Reservation Lands Replacement Act, the Indian Gaming Regulatory Act, Arizona's Tribal Gaming Compact, and the Tenth Amendment to the United States Constitution. Doc. 52. The Legislative Leaders also assert that they represent "the majority of the legislature," that they are "assert[ing] and defend[ing] the State of Arizona's sovereign rights guaranteed by the Tenth Amendment to regulate

1  Indian gaming in our State through Compacts," and that they are also "assert[ing] and
2  defend[ing] . . . the collective rights of their constituents, reinforced and articulated through
3  [Arizona Proposition 202, the Indian Gaming and Self-Preservation Act]." *Id*. at 5. The
4  Legislative Leaders also argue that their claims share common questions of law and fact with
5  the main action, and that the motion is timely and will not cause undue delay. *Id*. at 11-12.

6  Defendant United States argues that the Court need not decide whether it "would have
7  jurisdiction over the present action if it had been brought independently by the proposed
8  intervenors." Doc. 68 at 7. Instead, the United States urges the Court to "exercise [its]
9  discretion and deny the motions" because the "numerosity [of the intervenors] is not evidence
10 of authorization" to speak for the State or for the legislature as a whole. Doc. 68 at 8. The
11 United States also asserts that Plaintiffs have sufficient "incentive and resources" to litigate
12 the suit, and that permitting intervention would cause further delay. *Id*. at 8. The Nation
13 opposes intervention on similar grounds, asserting that the intervention is untimely, that it
14 would cause further delay, and that Plaintiffs already represent the intervenors' interests.
15 Doc. 67 at 13.

16 Contrary to Defendant's position, Arizona law does not in all cases require explicit
17 legislative authorization for presiding legislators to represent the legislature in court. The
18 Arizona Supreme Court has stated that legislators who "bring [an] action without the benefit
19 of legislative authorization should not, *except perhaps in the most exceptional circumstances*,
20 be accorded standing to obtain relief on behalf of the legislature." *Bennett v. Napolitano*, 81
21 P.3d 311, 318 (Ariz. 2003) (emphasis added). This statement implies that exceptional
22 circumstances may permit legislators to seek relief on behalf of the legislature. *See id.* This
23 case is such an exceptional circumstance. Proposed intervenors contend that this case may
24 affect key state and legislative interests, intervention must occur now if intervenors are to
25 take part in the resolution of this case, and the Arizona Legislature is not in session to grant
26 express authorization. The Legislative Leaders are presiding officers in both houses of the
27 legislature, and a court may reasonably presume that if legislative authorization were granted
28 it would apply to the presiding officers. *See Karcher*, 484 U.S. at 80. This is not a matter

of "numerosity" as the United States contends, but arises from the positions the Legislative Leaders hold within their respective chambers.

The Court also disagrees with the timeliness and delay arguments made by the United States and the Nation. This action was commenced only two months ago, and was filed shortly before the Fall election, certainly a busy time for Arizona legislators. Doc. 1. The motion to intervene was filed approximately six weeks later. The Court has placed this case on an expedited litigation schedule and has adjusted the schedule to accommodate the addition of intervenors. Doc. 62. Permitting intervention will not disrupt this schedule. The Court will require intervenors to adhere to the existing schedule and, like other parties, to avoid duplicate arguments.

The parties do not dispute that the intervenors' claims and the main action have questions of law and fact in common. Instead, the United States and the Nation argue that existing Plaintiffs can adequately represent intervenors' claims. The Legislative Leaders respond by noting that the existing Plaintiffs – the City of Glendale, the Gila River Indian Community, and several individuals – have not argued that DOI's actions violate state law or existing gaming compacts as the Legislative Leaders intend to claim. Without passing on the merits of any such arguments, the Court agrees that the existing parties do not necessarily represent the interests of Arizona legislators.

Because the requirements of Rule 24(b)(1)(B) have been satisfied, the Court will grant the Legislative Leaders' request for permissive intervention.

**B.    Senator Gray and the Legislators.**

Senator Gray and the Legislators make the same claims as the Legislative Leaders. Because permissive jurisdiction lies within the discretion of the Court and the State's interests are represented by the Legislative Leaders, the Court will deny permissive intervention for Senator Gray and the Legislators. *See Perry*, 587 F.3d at 951, 955.

**III.    Intervention as a Matter of Right for Senator Gray and the Legislators.**

To qualify for intervention as a matter of right under Rule 24(a), a proposed intervenor must (1) have a significant protectable interest in the property or transaction that is the

subject of the litigation, (2) be situated so that the disposition of the litigation may impair the proposed intervenor's ability to protect that interest, (3) demonstrate that his interests are not adequately represented by other parties, and (4) move to intervene in a timely manner. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). "Failure to satisfy any one of the requirements is fatal to the application, and [a court] need not reach the remaining elements if one of the elements is not satisfied." *Perry*, 587 F.3d at 950.

Senator Gray and several of the Legislators seek to represent the interests of their constituents in "alleviating and eliminating the adverse effects of gaming in [the Glendale] urban area."[1] Doc. 54 at 9. They do not show, however, that they personally will be affected by the resolution of these claims, as required by *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Nor have they shown that the City of Glendale will not adequately represent the interests of Glendale residents. The Court accordingly will deny intervention of right to Senator Gray and the Legislators.

**IT IS ORDERED:**

1. The motion to intervene (Doc. 52) is **granted** with respect to the Legislative Leaders and **denied** with respect to the Legislators.
2. Senator Gray's motion to intervene (Doc. 54) is **denied**.
3. The Legislative Leaders shall comply with the existing litigation schedule (Doc. 62) and coordinate with other Plaintiffs to avoid duplicate briefing.

DATED this 19th day of November, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge

---

[1] Because neither Senator Gray nor the Legislators represent the State of Arizona or the legislature as a whole, the Court rejects their claim to protect State interests for the same reasons that it rejected the arguments of Senator Pearce. *See* Doc. 47.