IGNACIA S. MORENO
Assistant Attorney General

KRISTOFOR R. SWANSON
Colo. Bar No. 39378
J. NATHANAEL WATSON
Ga. Bar No. 212038
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
PO Box 663
Washington, DC 20044
Tel: 202-305-0248
kristofor.swanson@usdoj.gov
joseph.watson@usdoj.gov

*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GILA RIVER INDIAN COMMUNITY, | Case No. 10-cv-01993-PHX DGC |
| Plaintiff, | |
| v. | Case No. 10-cv-02017-PHX DGC (consolidated action) |
| THE UNITED STATES OF AMERICA, *et al.*, | Case No. 10-cv-02138-PHX DGC (consolidated action) |
| Defendants, | |
| and | |
| TOHONO O'ODHAM NATION, | |
| Intervening Defendant. | |

**THE UNITED STATES' STATEMENT OF
UNCONTESTED MATERIAL FACTS**

Pursuant to Local Civil Rule 56.1(a), the United States, the U.S. Department of the Interior, and Kenneth L. Salazar and Larry Echo Hawk, in their official capacities (collectively, "the United States"), hereby submit their Statement of Uncontested Material Facts.  Judicial review of the federal agency decision at issue here is governed by the Administrative Procedure Act (APA), 5 U.S.C. § 706.  Judicial review under the APA is confined to the administrative record as it existed at the time of the agency decision and does not contemplate de novo factual development by the district courts. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998); *Cmty. for Creative Non-Violence v. Lujan*, 908 F.2d 992, 998 (D.C. Cir. 1990).  Even though the initial level of judicial review lies in the district court, the district court does not act as a fact-finder.  *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996).  Instead, "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents . . . ."  *Fla. Power & Light*, 470 U.S. at 743–44.  "As all material facts are within the administrative record, no material issues of fact are in dispute."  *LeBoeuf, Lamb, Greene & MacRae, LLP v. Abraham*, 215 F. Supp. 2d 73, 84 n.5 (D.D.C. 2002).  Pursuant to Local Civil Rule 56.1, however, the United States hereby submits a factual summary to assist the Court in its review of this action.  The facts stated below also include facts supporting the United States' standing arguments, review of which are not limited to the administrative record.

1.	In 1960, the U.S. Army Corps of Engineers completed construction of the Painted Rock Dam along the Gila River near Gila Bend, Arizona.  *See* H.R. Rep. No. 99-851, at 4 (Sept. 19, 1986); AR004385–97.  Flooding from subsequent dam operations destroyed the economic viability of what was then the reservation of the Tohono O'odham Nation ("the Nation"), a federally-recognized Indian Tribe formerly known as the Papago Tribe of Arizona.  H.R. Rep. No. 99-851, at 4–5.  Congress first attempted to remedy that harm by identifying agriculture lands near the reservation that would be

suitable for a land exchange.  *Id.* at 6 (referencing Pub. L. No. 97-293, § 308, 96 Stat. 1274 (1982)).  After no such lands could be found, *see id.* 7–8, Congress passed the Gila Bend Indian Reservation Replacement Act in 1986.  *See* Pub. L. No. 99-503, 100 Stat. 1798 (1986); *see* AR004355–58.  In enacting the legislation, Congress recognized its "responsibility to exercise its plenary power over Indian affairs to find an alternative land based [sic] for the O'odham people."  H.R. Rep. No. 99-851, at 7.  Congress intended the Act to "facilitate replacement of reservation lands with lands suitable for sustained economic use which is not principally farming . . . , and promote the economic self-sufficiency of the O'odham Indian people."  Pub. L. No. 99-503, § 2(4).

2.      In August 2003, the Nation purchased 135 acres of land in Maricopa County, Arizona.  *See* AR004366.  The property is composed of five parcels in Phoenix's northwest suburbs and constitutes a "county island" surrounded on all sides by the City of Glendale.  *See* AR3178–94; AR004637–38 (map).

3.      In 2004, the United States accepted title to 3,200 acres of property known as Schramm Ranch or San Lucy Farms into trust for the Nation under the Gila Bend Indian Reservation Lands Replacement Act ("Lands Replacement Act").  *See* AR004367.

4.      On January 28 2009, the Nation requested that the Department of the Interior also take the 135-acre property in Maricopa County into trust for the Nation's benefit under the Lands Replacement Act.  *See* AR004341–907.  The Nation intends to use the land to develop a gaming facility.  *See* AR004360–61.

5.      On June 23, 2009, the City of Glendale adopted Ordinance 2688, which purported to validate a previous City annexation of portions of the Nation's 135-acre property.  *See* AR0002203–16; AR000533–34 (maps).

6.      On June 30, 2009, the Western Regional Director for the Department of the Interior's Bureau of Indian Affairs recommended to the Department's Assistant Secretary for Indian Affairs that the Nation's 135-acre property was eligible for acquisition under the Lands Replacement Act.  *See* AR004292–340.

7.     On July 17, 2009, the Nation withdrew its request for the Assistant Secretary of Indian Affairs to provide an advisory opinion on whether the 135-acre property would qualify for gaming under the Indian Gaming Regulatory Act.  *See* AR002163–64.

8.     On July 22, 2009, the Nation filed suit against the City of Glendale to dispute the June 23 Ordinance and previous annexation.  AR002144–53.  In light of that litigation, the Nation notified the Department of the Interior that it would like a decision on its application with respect to a 54-acre portion ("Parcel 2") of the 135-acre property that was not the subject of the Nation's suit against the City.  AR002100–01.

9.     Parcel 2 sits on the western-most end of the Nation's 135-acre property.  *See* AR002091 (map).  The Parcel is just south of Northern Avenue, and west of 91st Avenue.  AR002091; AR004637–38.  It is undisputed that Parcel 2 has not been incorporated into the City of Glendale via annexation.  *See* Pls.' Unified Statement of Facts ¶ 8 (Doc. No. 87); AR003016 (letter from Maricopa County).  In January 2010, the Nation underscored its desire to have the land taken into trust after the Arizona Legislature began debating legislation that would have further complicated the Nation's desired trust acquisition.  AR001626–37.

10.     On July 23, 2010, the Assistant Secretary for Indian Affairs, acting under his delegated authority, issued a determination that Parcel 2 would be taken into trust.  AR00003–10.  The decision came after review of, among other materials, the Nation's application and recommendation from the Bureau of Indian Affairs Western Regional Office, as well as comments submitted by the City of Glendale and the Gila River Indian Community (GRIC).  *See* AR000004.  The Assistant Secretary determined that Parcel 2 was within Maricopa County, outside the City of Glendale's corporate limits, only the Nation's second acquisition under the Act, and that the prior acquisition had only been 3,200 acres.  AR000006–09.  The Assistant Secretary determined that the Lands Replacement Act therefore mandated the acquisition of Parcel 2.  AR000006–09.  As part of this determination, the Assistant Secretary noted Congress's "clear intent to make a

given piece of property eligible under the Act if it is on the unincorporated side of a city's boundary line." AR000008.

11.     The Assistant Secretary's decision explicitly withheld any determination on whether gaming could occur on Parcel 2.  *See* AR000003–10.

12.     Pursuant to regulation, 25 C.F.R. § 151.12(b), notice of the Assistant Secretary's decision was published in the Federal Register on August 26, 2010.  *See* 75 Fed. Reg. 52,550, 52,550–51 (Aug. 26, 2010).

13.     GRIC, the Terry Plaintiffs, and Plaintiff-Intervenor State Legislators did not submit affidavits in support of standing with their respective motions for summary judgment.

14.     The State of Arizona is not a party to this action.

Respectfully submitted this 30th day of December, 2010,

                    IGNACIA S. MORENO
                    Assistant Attorney General

                    /s/ *Kristofor R. Swanson*
                    KRISTOFOR R. SWANSON
                    Colo. Bar No. 39378
                    Natural Resources Section
                    Env't & Natural Resources Division
                    U.S. Department of Justice
                    PO Box 663
                    Washington, DC 20044
                    Tel: 202-305-0248
                    kristofor.swanson@usdoj.gov

                    /s/ *J. Nathanael Watson*
                    J. NATHANAEL WATSON
                    Ga. Bar No. 212038
                    Natural Resources Section
                    Env't & Natural Resources Division
                    U.S. Department of Justice
                    PO Box 663

4

Washington, DC 20044
Tel: 202-305-0475
joseph.watson@usdoj.gov

*Attorneys for the United States*

OF COUNSEL:
MARIA WISEMAN
ADRIENNE HILLERY
Office of the Solicitor
U.S. Department of the Interior
Washington, DC

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December, 2010, I electronically filed the foregoing document with the clerk of the court using the CM/ECF system, which will send electronic notice of the filing to all counsel of record.

*/s/ J.  Nathanael Watson*
J. Nathanael Watson

5