**HARALSON, MILLER, PITT, FELDMAN & MCANALLY, P.L.C.**
**José de Jesus Rivera, SBN 4606**
jrivera@hmpmlaw.com
Peter T. Limperis, SBN 19175
plimperis@hmpmlaw.com
2800 N. Central Avenue, Ste. 840
Phoenix, AZ 85012
Phone: (602) 266-5557
Fax: (602) 266-2223

**HOGAN LOVELLS US LLP**
Audrey E. Moog*
audrey.moog@hoganlovells.com
Dominic F. Perella*
dominic.perella@hoganlovells.com
555 Thirteenth Street, NW
Washington, DC 20004
Phone: (202) 637-5600
Fax: (202) 637-5910

*Attorneys for Plaintiff City of Glendale, Arizona; Gary Hirsch; and Michael Socaciu*

***Counsel Continued On Following Pages***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

GILA RIVER INDIAN COMMUNITY, *et al.*,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA, *et al.*,

Defendants,

TOHONO O'ODHAM NATION,

Intervening Defendant.

Case No. CV10-1993-PHX DGC

Case No. CV10-2017-PHX DGC (consolidated action)

Case No. CV10-2138-PHX DGC (consolidated action)

**PLAINTIFFS' UNIFIED RESPONSE TO THE GOVERNMENT'S STATEMENT OF FACTS**

**CITY OF GLENDALE**
**OFFICE OF THE CITY ATTORNEY**
Craig D. Tindall, SBN 14071
ctindall@glendaleaz.com
5850 West Glendale Ave., Suite 450
Glendale, AZ 85301
Phone: (623) 930-2930
Fax: (623) 915-2391

*Attorneys for Plaintiff City of Glendale,*
Arizona; Gary Hirsch; and Michael Socaciu

**GILA RIVER INDIAN COMMUNITY**
Linus Everling, SBN 019760
Linus.Everling@gric.nsn.us
Thomas L. Murphy, SBN 022953
Thomas.Murphy@gric.nsn.us
525 W. Gu u Ki
P.O. Box 97
Sacaton, Arizona 85247
Phone: (520) 562-9763

**AKIN GUMP STRAUSS HAUER & FELD LLP**
James P. Tuite*
jtuite@akingump.com
Merrill C. Godfrey*
mgodfrey@akingump.com
Jason T. Hauter, SBN 022188
jhauter@akingump.com
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Phone: (202) 887-4000

**GREENBERG TRAURIG LLP**
Lawrence J. Rosenfeld, SBN 004426
rosenfeldl@gtlaw.com
Brian J. Schulman, SBN 015286
schulmanb@gtlaw.com
2375 E. Camelback Road, Suite 700
Phoenix, AZ 85016
Phone: (602) 445-8000

*Attorneys for Plaintiff Gila River Indian Community*

**JORDEN BISCHOFF & HISER P.L.C.**
Douglas A. Jorden, SBN 004729
djorden@jordenbischoff.com
Elizabeth A. Alongi, SBN 023069
ealongi@jordenbischoff.com
7272 E. Indian School Road, Suite 360
Scottsdale, Arizona 85251
Phone: 480-505-3900

*Attorneys for Plaintiffs Delvin John Terry, Celestino Rios, Brandon Rios, Damon Rios, and Cameron Rios*

**ROSE LAW GROUP PC**
Brian M. Bergin, SBN 016375
bbergin@roselawgroup.com
6613 N. Scottsdale Rd., Ste. 200
Scottsdale, Arizona 85250
Phone: (480) 240-5634
Fax: (480) 951-6993

*Attorneys for Intervenor Plaintiffs Speaker of the House Kirk Adams, House Majority Leader John McComish, House Majority Whip Andy Tobin and Senate Majority Leader Chuck Gray*

**PLAINTIFFS' UNIFIED RESPONSE TO THE GOVERNMENT'S STATEMENT OF FACTS**

For purposes of the Government's Cross-Motion for Summary Judgment and Response to Plaintiffs' Motion for Summary Judgment, Plaintiffs City of Glendale, Arizona; Gary Hirsch; Michael Socaciu; Gila River Indian Community; Delvin John Terry; Celestino Rios; Brandon Rios; Damon Rios; and Cameron Rios and Intervenor Plaintiffs Speaker of the House Kirk Adams, House Majority Leader John McComish, House Majority Whip Andy Tobin, and Senate Majority Leader Chuck Gray (collectively, "Plaintiffs") respond to the numbered paragraphs of the Government's Statement of Facts as follows below. Plaintiffs reserve all rights to dispute such purported facts in any other context.

1. Solely for the purpose of resolving the parties' cross-motions for summary judgment, Plaintiffs do not dispute that the first four sentences of Paragraph 1 reflect statements contained in H.R. Rep. No. 99-851. Plaintiffs dispute that the fifth sentence accurately reflects information contained in H.R. Rep. No. 99-851 and aver that the portion of H.R. Rep. No. 99-851 cited by the Government actually provides as follows: "By its enactment of Section 308 of Public Law 97-293, Congress recognized a responsibility to exercise its plenary power over Indian affairs to find an alternative land based [sic] for the O'odham people at Gila Ben[d]." H.R. Rep. No. 99-851, at 7; AR4391. The final sentence of Paragraph 1 features a legal conclusion regarding congressional intent, to which no response is required. Plaintiffs do not dispute that Pub. L. No. 99-503, § 2(4) states, "This Act will facilitate replacement of reservation lands with lands suitable for sustained economic use which is not principally farming

and do not require Federal outlays for construction, and promote the economic self-sufficiency of the O'odham Indian people." AR4355.

2. Plaintiffs dispute the first sentence of Paragraph 2 and aver that Rainier Resources, Inc., the Nation's wholly-owned corporation, purchased 134.88 acres of land in Maricopa County, Arizona, in August 2003. AR2610-13, AR2422-24; Tohono O'odham Answer to Glendale Am. Compl. ¶¶ 51-53; Tohono O'odham Answer to Terry Am. Compl. ¶¶ 53, 55, 56; Tohono O'odham Answer to GRIC Am. Compl. ¶¶ 50, 52, 53; Nation Response to Pl. SOF ¶ 46. With regard to the second sentence of Paragraph 2, characterization of Parcel 2 as a "county island" is a legal conclusion to which no response is required. Solely for the purpose of resolving the parties' cross-motions for summary judgment, Plaintiffs do not dispute that the land purchased by Rainier Resources, Inc., is comprised of five parcels in Phoenix's northwest suburbs and is surrounded on all sides by the City of Glendale.

3. With regard to Paragraph 3, Plaintiffs dispute that the land described as Schramm Ranch or San Lucy Farms consists of 3,200 acres and aver that the land consists of 3,200.53 acres. See AR3598; Tohono O'odham Answer to Terry Am. Compl. ¶ 45; Tohono O'odham Answer to GRIC Am. Compl. ¶ 42. Solely for the purpose of resolving the parties' cross-motions for summary judgment, Plaintiffs do not dispute that in 2004, the United States accepted this land into trust for the Tohono O'odham Nation (the "Nation") under the Gila Bend Act, Pub. L. No. 99-503, 100 Stat. 1798 (1986).

4. Plaintiffs dispute that the Nation's request involved 135 acres of land and aver that the request pertained to 134.88 acres of land. AR3. Plaintiffs do not dispute the second sentence contained in Paragraph 4.

5. Plaintiffs dispute the statements contained in Paragraph 5 and aver that on June 23, 2009, the City of Glendale adopted Ordinance 2688, which reaffirmed the City's previous annexation of a portion of the Nation's 134.88-acre property. AR2203-16.

6. Plaintiffs dispute that the Nation's property consisted of 135 acres of land and aver that the property consisted of 134.88 acres of land. AR3. Solely for the purpose of resolving the parties' cross-motions for summary judgment, Plaintiffs do not dispute the balance of the statements contained in Paragraph 6.

7. Plaintiffs dispute that the Nation's property consisted of 135 acres of land and aver that the property consisted of 134.88 acres of land. AR3. Solely for the purpose of resolving the parties' cross-motions for summary judgment, Plaintiffs do not dispute that on July 17, 2009, the Nation withdrew its request for the Assistant Secretary of Indian Affairs to issue a determination on whether the 134.88-acre property would qualify for gaming under the Indian Gaming Regulatory Act ("IGRA"). The Government's characterization of this determination as an "advisory opinion" is a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs dispute the Government's characterization and aver that the IGRA determination must be issued before the Government can take land into trust. See, e.g., Pl. SOF ¶¶38-39 (collecting citations to record).

8. Plaintiffs dispute that the Nation's property consisted of 135 acres of land and aver that the property consisted of 134.88 acres of land. AR3. Solely for the purpose of resolving the parties' cross-motions for summary judgment, Plaintiffs do not dispute the balance of the statements contained in Paragraph 8.

9. Plaintiffs dispute that the Nation's property consisted of 135 acres of land and aver that the property consisted of 134.88 acres of land. AR3. Solely for the purpose of resolving the parties' cross-motions for summary judgment, Plaintiffs do not dispute the second and third sentences of Paragraph 9. With regard to the fourth sentence of Paragraph 9, Plaintiffs do not dispute that in January 2010 the Nation sent a letter to the Department of the Interior "ask[ing] that the Department delay no further in issuing a Notice of Decision to acquire trust title to this land." AR1628. The balance of the fourth sentence purports to characterize that letter, which speaks for itself.

10. With regard to the first sentence of Paragraph 10, solely for the purpose of resolving the parties' cross-motions for summary judgment, Plaintiffs do not dispute that on July 23, 2010, the Assistant Secretary for Indian Affairs issued a determination that Parcel 2 would be taken into trust. The Government's statement that the Assistant Secretary was acting under his delegated authority is a legal conclusion to which no response is required. With regard to the second sentence of Paragraph 10, Plaintiffs do not dispute that the Department of the Interior (the "Department") claims to have reviewed the Nation's application, the recommendation from the Bureau of Indian Affairs Western Regional Office, as well as materials submitted by the City of Glendale and the Gila River Indian Community. AR4. However, Plaintiffs are without

sufficient knowledge to say whether and to what extent the Department actually reviewed those materials. With regard to the balance of the paragraph, which purports to describe the Assistant Secretary's July 23, 2010 decision (the "Decision"), the Decision speaks for itself. With respect to the third sentence of Paragraph 10, Plaintiffs dispute that Parcel 2 was only the Nation's second acquisition under the Act and that the prior acquisition concerned only 3,200 acres. Plaintiffs aver that in addition to the 3,200.53 acres known as Schramm Ranch or San Lucy Farms, in August and September 2002, the Nation purchased 12,966 acres of Painted Rock Springs Ranch with funds from the Gila Bend Act. See Pl. SOF ¶ 34-35 (collecting citations to record); AR3598; Tohono O'odham Answer to Terry Am. Compl. ¶ 45; Tohono O'odham Answer to GRIC Am. Compl. ¶ 42. With regard to the final sentence, Plaintiffs do not dispute that the Decision states, "The use of 'corporate limits' shows a clear intent to make a given piece of property eligible under the Act if it is on the unincorporated side of a city's boundary line." AR8. Plaintiffs dispute any implication that the Assistant Secretary correctly interpreted the statute and/or correctly described Congress's intent. This attempt at determining Congress's intent involves a legal conclusion to which no response is required.

11. Solely for the purpose of resolving the parties' cross-motions for summary judgment, Plaintiffs do not dispute the statements contained in Paragraph 11.

12. Solely for the purpose of resolving the parties' cross-motions for summary judgment, Plaintiffs do not dispute that notice of the Assistant Secretary's decision was published in the Federal Register on August 26, 2010. Whether this notice was

published "[p]ursuant to regulation, 25 C.F.R. § 151.12(b)" is a legal conclusion to which no response is required.

13. With regard to Paragraph 13, Plaintiffs state that the docket speaks for itself. In any event, GRIC and the Terry Plaintiffs are submitting affidavits in support of their standing in this proceeding, concurrent with this filing.

14. Plaintiffs aver that the Arizona Attorney General has filed a Motion to Intervene on behalf of the State of Arizona. See Arizona's Motion to Intervene, Docket No. 103 (filed Jan. 20, 2011). If the Court grants that motion, the State of Arizona will become a party to this action, rendering inaccurate the statement contained in Paragraph 14.

Respectfully submitted,

Dated: January 21, 2011

By: *s/ José de Jesus Rivera*

HARALSON, MILLER, PITT, FELDMAN & MCANALLY, P.L.C.
José de Jesus Rivera, SBN 4606
jrivera@hmpmlaw.com
Peter T. Limperis, SBN 19175
plimperis@hmpmlaw.com
2800 N. Central Avenue, Ste. 840
Phoenix, AZ 85012
Phone: (602) 266-5557
Fax: (602) 266-2223

HOGAN LOVELLS US LLP
Audrey E. Moog*
audrey.moog@hoganlovells.com
Dominic F. Perella*
dominic.perella@hoganlovells.com
555 Thirteenth Street, NW
Washington, DC 20004
Phone: (202) 637-5600
Fax: (202) 637-5910

CITY OF GLENDALE OFFICE OF THE CITY ATTORNEY
Craig D. Tindall, SBN 14071
ctindall@glendaleaz.com
5850 West Glendale Ave., Suite 450
Glendale, AZ 85301
Phone: (623) 930-2930
Fax: (623) 915-2391

Attorneys for Plaintiff City of Glendale, Arizona; Gary Hirsch; and Michael Socaciu

* admitted *pro hac vice*

By: *s/ Brian J. Schulman*

GILA RIVER INDIAN COMMUNITY
Linus Everling, SBN 019760
Linus.Everling@gric.nsn.us
Thomas L. Murphy, SBN 022953
Thomas.Murphy@gric.nsn.us
525 W. Gu u Ki
P.O. Box 97
Sacaton, Arizona 85247
Phone: (520) 562-9763

AKIN GUMP STRAUSS HAUER & FELD LLP
James P. Tuite*
jtuite@akingump.com
Merrill C. Godfrey*
mgodfrey@akingump.com
Jason T. Hauter, SBN 022188
jhauter@akingump.com
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Phone: (202) 887-4000

GREENBERG TRAURIG LLP
Lawrence J. Rosenfeld, SBN 004426
rosenfeldl@gtlaw.com
Brian J. Schulman, SBN 015286
schulmanb@gtlaw.com

2375 E. Camelback Road, Suite 700
Phoenix, AZ 85016
Phone: (602) 445-8000

Attorneys for Plaintiff Gila River Indian Community

* admitted *pro hac vice*

By: *s/ Douglas A. Jorden*

JORDEN BISCHOFF & HISER P.L.C.
Douglas A. Jorden, SBN 004729
djorden@jordenbischoff.com
Elizabeth A. Alongi, SBN 023069
ealongi@jordenbischoff.com
7272 E. Indian School Road, Suite 360
Scottsdale, Arizona 85251
Phone: 480-505-3900

Attorneys for Plaintiffs Delvin John Terry, Celestino Rios, Brandon Rios, Damon Rios, and Cameron Rios

By*: s/ Brian M. Bergin*

ROSE LAW GROUP PC
Brian M. Bergin, SBN 016375
bbergin@roselawgroup.com
6613 N. Scottsdale Rd., Ste. 200
Scottsdale, Arizona 85250
Phone: (480) 240-5634
Fax: (480) 951-6993

Attorneys for Intervenor Plaintiffs Speaker of the House Kirk Adams, House Majority Leader John McComish, House Majority Whip Andy Tobin and Senate Majority Leader Chuck Gray

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of January, 2011, a copy of the forgoing Plaintiffs' Unified Response to the Government's Statement of Facts was served on counsel of record through the Court's electronic filing system.

*s/Jennie Larsen*
Jennie Larsen