**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gila River Indian Community, a federally recognized Indian tribe; Delvin John Terry, Celestino Rios, Brandon Rios, Damon Rios, and Cameron Rios, members of the Gila River Indian Community; the City of Glendale and Michael Socaciu and Gary Hirsch, residents of Glendale; Speaker of the House Kirk Adams, House Majority Leader John McComish, House Majority Whip Andy Tobin, and Senate Majority Leader Chuck Gray, in their official capacities as members of the Arizona Legislature; and the State of Arizona,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America; United States Department of the Interior; Kenneth L. Salazar, in his official capacity as Secretary of the Interior; Larry Echo Hawk, in his official capacity as Assistant Secretary for Indian Affairs; and Tohono O'odham Nation, a federally recognized Indian tribe,<br><br>Defendants. | Nos. CV-10-1993-PHX-DGC<br>CV-10-2017-PHX-DGC<br>CV-10-2138-PHX-DGC<br><br>**ORDER AND INJUNCTION** |

This case concerns a July 23, 2010 decision by the United States Department of the Interior to accept in trust for the benefit of the Tohono O'odham Nation a 54-acre parcel of unincorporated land surrounded by the City of Glendale (the "Trust Decision"). On September 16, 2010, the City of Glendale, the Gila River Indian Community

(the "Community"), and certain individuals brought suit to overturn the Trust Decision and enjoin the United States from acquiring in trust the 54-acre parcel of land ("Parcel 2"). The State of Arizona and members of the Arizona Legislature intervened as Plaintiffs, and the Tohono O'odham Nation (the "Nation") intervened as a Defendant. In an order dated March 3, 2011, the Court granted summary judgment in favor of Defendants, finding no legal basis for setting aside the Trust Decision. Doc. 133. The order has been appealed. Docs. 137-140.

Plaintiffs have filed a motion for an injunction and stay pending appeal pursuant to Rule 62(c) of the Federal Rules of Civil Procedure. Doc. 153. Plaintiffs seek an order prohibiting the United States Department of the Interior ("DOI") from taking Parcel 2 into trust until the appeal is decided. The motion is fully briefed. Docs. 157-159. Oral argument has not been requested. For reasons stated below, the motion will be granted in part with respect to the request for an injunction.[1]

**I.    Rule 62(c) Standard.**

While an appeal is pending from an order denying an injunction, the court may "grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). This rule "codifies the inherent power of a court 'to preserve the status quo where in its sound discretion, the court deems the circumstances so justify[.]'" *Christian Science Reading Room v. City & County of S.F.*, 784 F.2d 1010, 1017 (9th Cir. 1986) (citation omitted). A party may obtain an injunction under Rule 62(c) by showing that it is likely to succeed on appeal, that it is likely to suffer irreparable harm in the absence of injunctive relief, that the balance of hardships tips in its favor, and that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). The test includes a sliding scale. If the movant shows that the balance of hardships will tip sharply in its favor, it need not

---

[1] The factual background of the case is set forth in the summary judgment order, and will not be repeated in this order except as necessary to explain the Court's ruling.

make as strong a showing of the likelihood of success on appeal – the existence of serious questions will suffice. *See Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049-53 (9th Cir. 2010); *see also Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983) (standard for obtaining a preliminary injunction applies to motions for injunctions pending appeal).[2]

## II.     Success on Appeal and Serious Questions.

In arguing that they are likely to succeed on appeal, Plaintiffs essentially reassert the positions taken in their summary judgment briefs. *See* Doc. 153 at 19. The Court thoroughly considered those positions, heard oral arguments, and issued a 24-page order on the merits. For the reasons set forth in that order (Doc. 133), the Court concludes that Defendants, not Plaintiffs, are likely to prevail on appeal. *See Cachil Dehe Band of Wintun Indians v. California*, No. CIV. S-04-2265 FCD KJM, 2009 WL 2971547, at *4 (E.D. Cal. Sept. 11, 2009) (noting that the mere disagreement with the court's ruling does not amount to a likelihood of success on the merits).

This is not to say, however, that Plaintiffs have failed to raise serious questions. For purposes of injunctive relief, serious questions are "'substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation.'" *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (citation omitted). This standard is satisfied with respect to the Court's conclusions that the argument under § 6(c) of the Gila Bend Act has been waived (Doc. 133 at 8-11), that DOI reasonably interpreted § 6(d) of the Act (*id.* at 11-18), and that neither IGRA nor its implementing regulations required DOI to make an Indian land determination when it chose to take Parcel 2 into trust (*id.* at 18-21). While the Court believes its rulings on these issues to be correct, they raise substantial legal questions

---

[2] The United States contends that the "serious questions" test is inconsistent with *Winter*'s requirement that the moving party show he is *likely* to succeed on the merits. Doc. 157 at 8 n.3. While this may be true, the decision in *Alliance for the Wild Rockies* is the law of this Circuit which the Court must follow.

warranting more deliberative consideration on appeal.[3]

### III. Irreparable Harm.

The United States has taken the position that once Parcel 2 is held in trust, the Quiet Title Act will maintain the United States' sovereign immunity and the Trust Decision may not be challenged. Doc. 153-2 at 6; *see* 28 U.S.C. § 2409a(a); *Metro. Water. Dist. of S. Cal. v. United States*, 830 F.2d 139, 144 (9th Cir. 1987) (the Quiet Title Act bars suits "to interfere with the Government's discharge of its responsibilities to Indian tribes in respect to the lands it holds in trust for them"). Absent injunctive relief, Parcel 2 may be taken into trust as early as May 16, 2011 (Doc. 153-1), well before Plaintiffs' appeal will be heard and decided.

Plaintiffs argue that the taking of Parcel 2 into trust and the resulting effect of the Quiet Title Act "presents a very real and significant risk of the irreparable harm of mooting any appeal." Doc. 153 at 14. Plaintiffs cite cases concluding that the loss of the right to appeal constitutes irreparable harm. *See Gonzalez v. Reno*, No. 00-11424-D, 2000 WL 381901, at *1 (11th Cir. Apr. 19, 2000); *Population Inst. v. McPherson*, 797 F.2d 1062, 1081 (D.C. Cir. 1986). Other cases have "found that 'the risk that an appeal may become moot does not, standing alone, constitute irreparable injury.'" *In re Fleetwood Enters., Inc.*, No. CV 10-0114 AHM, 2010 WL 960358, at *4 (C.D. Cal. Mar. 15, 2010) (quoting *In re Convenience USA, Inc.*, 290 B.R. 558, 563 (Bank. M.D.N.C. 2003) (compiling cases)).

The Court need not decide the issue because Plaintiffs have shown irreparable harm other than the loss of appellate review. If Parcel 2 is taken into trust, Glendale will forever lose its right to annex the land. Glendale and its residents clearly would suffer irreparable injury if deprived of this significant public policy interest "without first having a full and fair opportunity to be heard on [appeal]." *Kansas v. United States*, 249

---

[3] Contrary to Plaintiffs' assertion (Doc. 153 at 27), no serious question is raised from the claims under the Tenth Amendment and the Indian Commerce Clause. *See* Doc. 133 at 21-23.

- 4 -

F.3d 1213, 1227 (10th Cir. 2001). In addition, Glendale residents, including Plaintiffs Gary Hirsch and Michael Socaciu, likely will suffer irreparable quality-of-life injuries from gaming activities on Parcel 2. *See* Docs. 87 ¶¶ 68-69, 133 at 5; *see also Fort Funston Dog Walkers v. Babbitt*, 96 F. Supp. 2d 1021, 1040 (N.D. Cal. 2000) (harm to one's quality of life may be both "substantial and irreparable"). The threat of those claimed injuries is real, not speculative, given the Nation's stated plan to move forward with its casino once Parcel 2 is held in trust. *See* Doc. 133 at 6.

As previously explained (Doc. 133 at 6), because a major casino in Glendale will reduce the Community's revenue from its own casinos, the taking of Parcel 2 into trust will cause the Community and its members to suffer injury. Plaintiffs assert, and the Nation does not dispute, that while the loss of casino revenue is economic, the Nation's sovereign immunity would prevent the Community from recovering damages. Doc. 153 at 17-18 & n.3 (citing *Allen v. Gold Country Casino*, 464 F.3d 104, 1045-47 (9th Cir. 2006)). The Community therefore is likely to suffer irreparable harm if Parcel 2 is taken into trust. *See Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 852 (9th Cir. 2009) (plaintiffs suffer irreparable harm where they are unable to recover damages even though successful on the merits).

Plaintiffs contend that the alleged violation of the Tenth Amendment constitutes irreparable harm to the State of Arizona (Doc. 153 at 18), but for reasons explained in the summary judgment order (Doc. 133 at 21-23), that constitutional claim is "too tenuous" to support injunctive relief. *Goldie's Bookstore, Inc. v. Super. Ct. of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984).

In summary, Plaintiffs have shown that, absent an injunction pending appeal, irreparable harm is likely to befall Glendale, the Community, and their residents and members.[4]

---

[4] Plaintiffs argue that irreparable harm may flow from the summary judgment order as "it judicially grants to DOI a power denied the agency by Congress," that is, authorizing DOI to hold in trust land acquired in excess of the acreage limit set forth in

**IV.    Balance of Hardships.**

In determining whether an injunction pending appeal is appropriate, the Court "'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of [an injunction]." *Winter*, 129 S. Ct. 376 (citation omitted). Defendants argue, correctly, that if the trust acquisition were to be enjoined pending appeal, their strong interests in having Parcel 2 held in trust could be unfairly prejudiced by Glendale's annexing of Parcel 2 once House Bill 2534 becomes effective this summer. Docs. 157 at 14-14-18, 158 at 21-25. As explained more fully below, however, this prejudice can be avoided by an injunction prohibiting annexation pending appeal and a bond to cover potential damages suffered by the Nation from the delay occasioned by the appeal. Given the substantial irreparable harm Plaintiffs would suffer absent injunctive relief, including the fact that the Quiet Title Act likely will moot Plaintiffs' appeal once Parcel 2 is taken into trust, the Court finds that the balance of hardships tips sharply in favor of Plaintiffs.

**V.    Public Interest.**

"[T]he public interest is served in preserving the integrity of the right to appellate review[.]" *In re SK Foods, L.P.*, No. 2:09-cv-02942-MCE, 2009 WL 5206639, at *4 (E.D. Cal. Dec. 24, 2009). Indeed, the public has a strong interest "in the appeal right as one component of the constitutional right to due process in enforcement of the nation's laws." *Maine v. U.S. Dep't of Interior*, No. CIV. 00-122-B-C, 2001 WL 98373, at *4 (D. Me. Feb. 5, 2001). Granting the requested injunctive relief in this case not only will serve the general public interest in the right to appellate review, it will also protect the appellate rights of specific public entities and officials: the City of Glendale, the Community, the State of Arizona, and members of the Arizona Legislature.

The Nation contends that if Parcel 2 were to be held in trust, and if the Quiet Title

---

§ 6(c) of the Gila Bend Act. Doc. 153 at 16. This argument is wholly without merit. No power has been granted to DOI; the Court held only that the argument under § 6(c) has been waived for failure to raise it during the administrative process. Doc. 133 at 8-11.

- 6 -

Act barred further challenges to the Trust Decision, the public interest would be served "because Congress decided, in passing the Quiet Title Act, to retain the government's sovereign immunity in these circumstances." Doc. 158 at 26. While that may be true, the Nation has not shown, and it is not otherwise clear to the Court, that the policy behind the Quiet Title Act outweighs the public interest in the right to appeal, particularly where, as here, the appeal raises serious questions warranting more deliberative consideration.

By refusing to agree to a stay of annexation efforts, the United States argues, Plaintiffs seek to play one public interest (appellate review) against another (implementation of the Gila Bend Act), all to the detriment of the Nation and the United States. Doc. 157 at 16. The Court agrees, and therefore will enjoin annexation pending completion of the appeal.

In summary, the Court concludes that until Plaintiffs' appeal is decided, the public interest is best served by maintaining the status quo – enjoining both the acquisition in trust and the annexation by Glendale of Parcel 2.

**VI.  Securing Defendants' Rights.**

Rule 62(c) provides that the district court may grant an injunction pending appeal "on terms for bond or other terms that secure the opposing party's rights." Any action "taken pursuant to Rule 62(c) 'may not materially alter the status of the case on appeal.'" *Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Stated differently, Rule 62(c) grants the court "no broader power than it has always inherently possessed to preserve the status quo[.]" *Id.*

The Court agrees with Defendants that an injunction prohibiting the acquisition of Parcel 2 into trust would materially alter the status quo if the delay caused by the injunction would then enable Glendale to annex Parcel 2 under House Bill 2534. Docs. 157 at 16-17, 158 at 30-31. In order to secure Defendants rights, therefore, the injunction pending appeal will enjoin both the trust acquisition and the annexation of Parcel 2.

Plaintiffs contend that because House Bill 2534 is the subject of a separate proceeding before this Court, and because a ruling on the statute's validity is expected before it takes effect, there is no need to enjoin annexation of Parcel 2. Plaintiffs apparently believe that if House Bill 2534 is found to be valid, annexation of Parcel 2 would cause no prejudice to Defendants. The Court does not agree.

The Court has found the Trust Decision to be lawful. Absent the voluntary stay agreed to by the United States (Doc. 153-1), DOI could immediately acquire Parcel 2 in trust for the benefit of the Nation. Plaintiffs ask the Court to enjoin DOI from doing so while the appeal is pending, but at the same time to allow Glendale to annex the land once House Bill 2534 is declared valid and takes effect. Because annexation would result in Parcel 2 being "within the corporate limits" of Glendale, annexation arguably would render the Trust Decision violative of the Gila Bend Act. *See* Doc. 133 at 12. In short, Plaintiffs seek to materially alter the status quo in their favor. The goal of an injunction pending appeal is not to alter the status quo, but to preserve it. The best way to preserve the present state of affairs is to enjoin both the acquisition into trust and the annexation of Parcel 2, thereby allowing the parties to litigate these issues without concern that the other side's actions may render the litigation moot.

The Nation asks that any injunction be conditioned on the posting of a bond. Doc. 158 at 31. Plaintiffs assert that a bond requirement would hamper their ability to appeal (Doc. 159 at 21), but present no evidence in support of this assertion. The Court concludes that a bond is necessary to cover any damages the Nation may suffer as result of the injunction pending appeal.

The Nation identifies no specific bond amount, instead proposing that the amount be determined based on further submissions from the parties. Doc. 158 at 31. The Court declines to adopt that approach given the urgency of Plaintiffs' motion. The Court finds a bond in the amount of $500,000 to be appropriate.

**VII.  Plaintiffs' Request for a Stay.**

Plaintiffs' request for a stay of the summary judgment order (Doc. 133) will be denied.  Plaintiffs have sought relief under Rule 62(c).  Doc. 153 at 12.  That rule provides for an injunction pending appeal, not a stay.  An injunction and a stay serve different purposes.  "The former is a means by which a court tells someone what to do or not to do."  *Nken v. Holder*, 129 S. Ct. 1749, 1757 (2009).  "By contrast, instead of directing the conduct of a particular action, a stay operates upon the judicial proceeding itself . . . by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability."  *Id.* at 1758.  Stated differently, a stay "'simply suspends judicial alteration of the status quo,' while injunctive relive 'grants judicial intervention that has been withheld[.]'"  *Id.* (citation omitted).

The Court agrees with the United States (Doc. 157 at 7 n.2) that the summary judgment order did not alter the status quo or otherwise grant the United States authority to acquire Parcel 2 in trust.  The request for a stay of that order will be denied.

**IT IS ORDERED:**

1. Plaintiffs' motion for injunction and stay pending appeal (Doc. 153) is **granted in part** and **denied in part**.  The motion is granted with respect to the request for an injunction, and denied as to the request for a stay.

2. During the pendency of Plaintiffs' appeal from the summary judgment order, the United States is **enjoined** from taking Parcel 2 into trust and the City of Glendale is **enjoined** from annexing Parcel 2.

3. This order shall become effective upon Plaintiffs' posting of security in the amount of **$500,000.00**.

Dated this 3rd day of May, 2011.

David G. Campbell
United States District Judge